[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISSOLVE PRE-JUDGMENT REMEDY
This action was commenced by the Viels after the Annullis brought an action against them claiming default on payment of rent and on a promissory note executed by the Viels in connection with the sale of a business. For the purposes of this Motion, an exhaustive recitation of the allegations and of the evidence introduced at the hearing is not necessary. The Viels obtained an ex-parte attachment of real estate in the amount of $380,000.00
The Court does not find probable cause to sustain the validity of the plaintiffs' claim. Conn. Gen. Stat. Sec.52-278d.
Essentially the plaintiffs claim that the defendants, sellers of the business involved, misrepresented financial information which the plaintiffs relied on to their loss and CT Page 3009 damage, and that when the defendants repossessed certain business property because of the Viels inability to meet their contractual obligations, the repossession was accomplished unlawfully.
The Court is of the opinion that the Viels are not likely to prevail on these claims. There is little or no credible evidence of fraud or misrepresentation on the part of the Annullis, and substantial evidence, including documentary corroboration, of a breach of contract by the Viels. Nor does it appear probable to the Court that the repossession of the personal property was accomplished unlawfully, or by a breach of peace, or without a claim of right. It was, in fact, accomplished under the terms of a security agreement.
It bears pointing out that the proceeding in question is a preliminary matter and not conclusive of the final decision. The Court's opinion is based on what it determines to be probabilities, derived at from a factual determination from the evidence. It may be that the Viels will ultimately be entitled to some offset against the claims of the Annullis, and while "the best defense is often a good offense" may be a valid axiom, this Court does not believe the Viels are likely to be entitled to more than some offset, at best.
The real estate attachment(s) on property owned by the Annullis shall be dissolved.
KLACZAK, J.